UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SERENA MIDDLETON, ANDRE
MIDDLETON, NELESHA MIDDLETON, and
NELTASHA MIDDLETON,                                   **CASE NO. 1:23-cv-22678-KMW**

    Plaintiffs,

v.

PROTECTIVE LIFE INSURANCE COMPANY,

    Defendant.
_____/

PROTECTIVE LIFE INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

TAMARA ROBINSON, JASMINE JAMISON,
and CRYSTAL ROBINSON TILLY,

    Third-Party Defendants.
_____/

**PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL AND THIRD-PARTY COMPLAINT AGAINST TAMARA ROBINSON, JASMINE JAMISON, <u>AND CRYSTAL ROBINSON TILLY</u>**

    Defendant PROTECTIVE LIFE INSURANCE COMPANY ("Protective") hereby answers the Complaint for Breach of Contract and Demand for Jury Trial (the "Complaint") of Plaintiffs SERENA MIDDLETON, ANDRE MIDDLETON, NELESHA MIDDLETON, and NELTASHA MIDDLETON (collectively, the "Plaintiffs"). Unless expressly admitted herein, Protective denies each material allegation of the Complaint, and Protective denies any and all allegations of wrongdoing in connection with the insurance policy at issue in this lawsuit—Policy No.

ZL9516916 (the "Policy").  Subject to these denials, the affirmative defenses stated herein, and Protective's Third-Party Complaint against Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly stated herein, Protective responds to the Complaint as follows:

1. Protective admits only that, upon information and belief, Plaintiff Serena Middleton is a citizen of the State of Florida.  Protective presently lacks information sufficient to admit or deny the remaining allegations of Paragraph 1, and accordingly, Protective denies the remaining allegations on this basis.

2. Protective admits only that, upon information and belief, Plaintiff Andre Middleton is a citizen of either the State of Oklahoma or the State of Utah.  Protective presently lacks information sufficient to admit or deny the remaining allegations of Paragraph 2, and accordingly, Protective denies the remaining allegations on this basis.

3. Protective admits only that, upon information and belief, Plaintiff Nelesha Middleton is a citizen of the State of Florida.  Protective presently lacks information sufficient to admit or deny the remaining allegations of Paragraph 3, and accordingly, Protective denies the remaining allegations on this basis.

4. Protective admits only that, upon information and belief, Plaintiff Neltasha Middleton is a citizen of the State of Florida.  Protective presently lacks information sufficient to admit or deny the remaining allegations of Paragraph 4, and accordingly, Protective denies the remaining allegations on this basis.

5. Protective admits only that it is an insurance company, and that at all relevant times it has been authorized to transact business in the State of Florida.  Protective denies any and all remaining allegations in Paragraph 5 as written.

6. Protective admits only that, upon information and belief, the Policy was delivered to Nelson Middleton in the State of Florida. Protective denies any and all remaining allegations in Paragraph 6 as written.

7. Protective admits only that Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs, in this lawsuit. Protective specifically denies that Plaintiffs are entitled to any damages or relief from Protective in this lawsuit. Protective denies any and all remaining allegations in Paragraph 7.

8. Protective admits only that Nelson Middleton was insured under the Policy. Protective further states that the Policy referenced in Paragraph 8 is a document that speaks for itself, and Protective denies any and all allegations in Paragraph 8 that are inconsistent with the terms of said Policy. Protective denies any and all remaining allegations in Paragraph 8.

9. Protective admits only that the Policy number is ZL9516916. Protective further states that the Policy referenced in Paragraph 9 is a document that speaks for itself, and Protective denies any and all allegations in Paragraph 9 that are inconsistent with the terms of said Policy. Protective denies any and all remaining allegations in Paragraph 9.

10. Protective admits only that the beneficiary designation of record for the Policy at the time of Nelson Middleton's death was as follows: "All children of the insured 100%." Protective further states that the Policy referenced in Paragraph 10 is a document that speaks for itself, and Protective denies any and all allegations in Paragraph 10 that are inconsistent with the terms of said Policy. Protective denies any and all remaining allegations in Paragraph 10.

11. Protective admits only that, upon information and belief, Nelson Middleton's children are Serena Middleton, Andre Middleton, Nelesha Middleton, Neltasha Middleton,

Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly.  Protective denies any and all remaining allegations in Paragraph 11.

12. Upon information and belief, Protective admits the allegations of Paragraph 12.

13. Protective denies the allegations of Paragraph 13.

14. The allegations of Paragraph 14 call for a legal conclusion to which no response is required.  To the extent a response is required, Protective denies the allegations of Paragraph 14.

15. Protective denies the allegations of Paragraph 15 as written.

16. Protective admits only that the Policy was in force and effect at the time of Nelson Middleton's death, and that Protective properly paid the Policy death benefit to the beneficiaries of records in good faith and without notice of any adverse/competing claim to said death benefit.  Protective denies any and all remaining allegations in Paragraph 16.

17. Protective denies the allegations of Paragraph 17.

18. Protective denies the allegations of Paragraph 18.

19. Protective denies the allegations of Paragraph 19.

20. Protective denies the allegations of Paragraph 20.

21. Protective denies the allegations of Paragraph 21.

22. Protective denies the allegations of Paragraph 22.

23. Protective denies the allegations of Paragraph 23.

For the unnumbered Prayer for Relief paragraph beginning with "WHEREFORE" on page 2 of the Complaint, Protective denies that Plaintiffs are entitled to any of the damages or relief sought therein.  Protective denies any and all allegations of wrongdoing in connection with the Policy.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

The allegations under the unnumbered section of the Complaint entitled "Plaintiffs' Demand for Jury Trial" call for a legal conclusion to which no response is required. To the extent a response is required, Protective denies that Plaintiffs are entitled to any relief in this lawsuit from the Court or a jury.

## PROTECTIVE'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and expressly denying any and all wrongdoing, Protective alleges the following affirmative defenses:

1. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Protective upon which relief can be granted.

2. Plaintiffs' Complaint and the claims therein are barred, in whole or in part, by the provisions, terms, exclusions, definitions, limitations, and conditions of the Policy.

3. Plaintiffs' Complaint and the claims therein are barred by Florida Statute § 627.423 and/or the common law good faith payment doctrine.

4. Plaintiffs' Complaint and the claims therein are barred by doctrine of accord and satisfaction.

5. Plaintiffs' Complaint and the claims therein are barred due to Plaintiffs' failure to join necessary and/or indispensable parties in this lawsuit—namely, Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly.

6. Plaintiffs' Complaint and the claims therein are barred, in whole or in part, because no act or omission by Protective, or by any person or entity for which Protective was responsible, was the proximate cause of any injury or harm alleged by Plaintiff, or because Plaintiff's alleged

injuries, if any, are the result of intervening or superseding causes, rather than any act or omission of Protective or any person or entity for which Protective was responsible.

7. Any award to Plaintiffs in this action would constitute unjust enrichment.

8. Plaintiffs' Complaint and the claims therein are barred or limited because of the contributory and/or comparative fault or negligence of Plaintiffs and/or Nelson Middleton. Accordingly, any recovery by Plaintiffs is barred or comparatively reduced by the percentage of fault or negligence of Plaintiffs and/or Nelson Middleton.

9. If Plaintiffs have suffered any injury or harm, which Protective expressly denies, Protective alleges that Plaintiffs' recovery is barred by Plaintiffs' failure to mitigate, reduce, or otherwise avoid the alleged damages or injuries.

10. Plaintiffs' Complaint and the claims therein are barred by the doctrine of unclean hands.

11. Plaintiffs' Complaint is barred or limited, because, at all relevant times, Protective complied with all applicable laws, regulations, and standards, and Protective has acted reasonably, timely, appropriately, and in good faith.

12. Plaintiffs' Complaint and the claims therein are barred by the doctrine of waiver.

13. Plaintiffs' Complaint and the claims therein are barred by the doctrine of estoppel.

14. Plaintiffs' Complaint and the claims therein are barred for failure to read.

15. Plaintiffs' Complaint and the claims therein are untimely and barred by the applicable statute of limitations.

16. Plaintiffs' Complaint is barred, in whole or in part, by the following doctrines or theories: failure to exhaust administrative remedies, res judicata, collateral estoppel, laches,

assumption of risk, assignment, duress, contribution, set-off, illegality, lack of good faith, ratification, mistake, license, cancellation, payment, and failure to cooperate.

17. Protective presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, yet unstated affirmative defenses. Thus, subject to further proceedings in this action, Protective expressly reserves its right to assert additional affirmative defenses.

### PROTECTIVE'S THIRD-PARTY COMPLAINT AGAINST TAMARA ROBINSON, JASMINE JAMISON, AND CRYSTAL ROBINSON TILLY

Defendant and Third-Party Plaintiff PROTECTIVE LIFE INSURANCE COMPANY ("Protective"), pursuant to Fed. R. Civ. P. 14, hereby submits this Third-Party Complaint against Third-Party Defendants TAMARA ROBINSON, JASMINE JAMISON, and CRYSTAL ROBINSON TILLY (collectively, the "Third-Party Defendants") as follows:

### PARTIES

1. Protective is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Birmingham, Alabama. At all relevant times, Protective has been authorized to transact business in the State of Florida.

2. Upon information and belief, Third-Party Defendant Tamara Robinson is a citizen of the State of South Carolina.

3. Upon information and belief, Third-Party Defendant Jasmine Jamison is a citizen of the State of South Carolina.

4. Upon information and belief, Third-Party Defendant Crystal Robinson Tilly is a citizen of the State of Florida.

## JURISDICTION

5.	The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Protective's third-party complaint is so related to the claims in the underlying lawsuit that it forms part of the same case and controversy, Protective's third-party complaint involves claims valued at more than $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

## FACTUAL ALLEGATIONS

6.	On or around February 15, 2001, Chase Insurance Life Company f/k/a Zurich Life Insurance Company of America ("Chase") issued Policy No. ZL9516916 (the "Policy") on the life of Nelson Middleton (the "Insured") in the face amount of $250,000.00. The Policy was issued and delivered to the Insured in the State of Florida.

7.	In the application that was incorporated as part of the Policy, the Insured designated the beneficiaries of the Policy as follows: "All children of the insured 100%."

8.	Effective April 1, 2007, Chase merged with and into Protective. Following this merger, Protective assumed responsibility for the Policy.

9.	Upon information and belief, the Insured died on February 15, 2021.

10.	Following the Insured's death, Protective received the Insured's obituary, which listed the Insured's "children" as follows: Nelesha Middleton, Neltasha Middleton, Andre Middleton, Serena Middleton, Crystal Robinson Tilly, Tamara Robinson, and Jasmine Jamison (collectively, the "Children").

11.	Following the Insured's death, the Children each submitted a claim to Protective for their respective share of the Policy death benefit.

12. In connection with their claims, the Children each completed and submitted a Claimant's Statement to Protective, wherein the Children all represented themselves to be a "child" of the Insured. The Claimant's Statements contained the following certification directly above each signature of the Children: "The undersigned hereby makes claim to said Insurance Company and certifies the above statements are true and complete."

13. In connection with their claims, the Children each completed and submitted a Statement as to Birth/Death and Statement as to Children (the "Statement") to Protective. In these Statements, Andre Middleton represented himself to be the "son" of the Insured, and Nelesha Middleton, Neltasha Middleton, Serena Middleton, Crystal Robinson Tilly, Tamara Robinson, and Jasmine Jamison represented themselves to be the "daughter" of the Insured. The Statements contained the following certification above each signature of the Children: "Under the penalties of perjury, I certify that the following information on this form is true, correct and complete."

14. In connection with their claims, the Children each submitted a notarized Assignment of Benefits Under Policy of Insurance, wherein the Children assigned $3,713.00 of the Policy death benefit to Eutawville Community Funeral Home to pay for the costs of the Insured's funeral expenses.

15. Based upon the foregoing, and without knowledge of any dispute/contest as to who the children of the Insured are, Protective divided the $250,000.00 Policy death benefit equally among the Children, less the $3,713.00 that Protective paid to Eutawville Community Funeral Home under the assignments, with each of the Children receiving the principal sum of just over $35,000.00, exclusive of post-mortem interest. Attached collectively hereto as Exhibit "A" are true and correct copies of the deposited benefit checks paid to the Children and Eutawville Community Funeral Home.

16. All Children deposited the benefit checks without objection.  *See* Exhibit A.

17. Approximately a year and a half later, Protective received correspondence from Attorney J.P. Gonzalez-Sirgo, purporting to represent Nelesha Middleton, Neltasha Middleton, Andre Middleton, and Serena Middleton (collectively, the "Plaintiffs").  Attorney Gonzalez-Sirgo claimed that Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly are not the biological children of the Insured, and consequently, Protective wrongfully paid Policy benefits to these individuals.  Attorney Gonzalez-Sirgo demanded that Protective pay his clients "the amount of $106,000," which Attorney Gonzalez-Sirgo calculated as the benefits that Protective paid to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly.

18. On March 20, 2023, the Plaintiffs filed the present lawsuit against Protective, asserting a claim for breach of contract and seeking recovery of the portion of the Policy death benefit that Protective previously paid to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly.

## COUNT I
## UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED

19. Protective incorporates by this reference the preceding Paragraphs 1 through 18 as if fully set forth herein.

20. If Plaintiffs are entitled to the entire Policy death benefit, less the $3,713.00 assigned and paid to Eutawville Community Funeral Home, then Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly wrongfully secured payment of Policy proceeds from Protective, they are not entitled to retain the funds paid to them by Protective, they have no lawful claim to those funds, and their acceptance and retention of those funds would violate established principles of fairness and equity.

21. If the Court finds there was an incorrect payment of the Policy proceeds to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly, then Tamara Robinson has been unjustly enriched in the sum of $35,422.64, Jasmine Jamison has been unjustly enriched in the sum of $35,422.64, and Crystal Robinson Tilly has been unjustly enriched in the sum of $35,722.70. *See* Exhibit A.

22. If the Court finds there was an incorrect payment of the Policy proceeds to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly, then these individuals should be required to pay those funds to the party to whom said funds are due, either directly or through reimbursement or restitution to Protective.

23. Alternatively, an equitable lien and/or constructive trust should be imposed upon the Policy proceeds paid to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly in order to preserve principles of equity and fairness.

## COUNT II
## EQUITABLE INDEMNITY

24. Protective incorporates by this reference the preceding Paragraphs 1 through 23 as if fully set forth herein.

25. If Plaintiffs are entitled to the entire Policy death benefit, less the $3,713.00 assigned and paid to Eutawville Community Funeral Home, then Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly wrongfully secured payment of Policy proceeds from Protective by, *inter alia*, representing themselves to be the children of the Insured.

26. Protective is without fault with respect to the payment of the Policy proceeds to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly, in that Protective paid said proceeds in good faith reliance upon the representations of Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly, as well as the Insured's obituary.

27.     Prior to the payment of the Policy proceeds to Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly, Protective was without knowledge of any dispute/contest as to who the Insured's "children" are for Policy beneficiary purposes.

28.     To the extent Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly wrongfully secured payment of Policy proceeds from Protective, principles of equity and fairness necessitate that Protective receive indemnification from Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly in this lawsuit.

## COUNT III
## DECLARATORY RELIEF

29.     Protective incorporates by this reference the preceding Paragraphs 1 through 28 as if fully set forth herein.

30.     An actual controversy exists regarding the rightful recipient of the Policy proceeds as described above, and Protective seeks a declaratory judgment as to the rightful recipient of the Policy proceeds.

31.     To the extent the Court determines that Plaintiffs are entitled to the entire Policy death benefit, less the $3,713.00 assigned and paid to Eutawville Community Funeral Home, Protective seeks a declaratory judgment that, in equity and law, Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly are liable to reimburse Protective for all amounts Protective paid to them, or in the alternative, Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly are liable to pay those funds directly to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Protective prays for relief as follows:

1.     That the Complaint be dismissed in its entirety *with prejudice*;

2. That Plaintiffs take nothing by this action and that judgment be entered against Plaintiffs in favor of Protective;

3. Alternatively, to the extent it is determined that Plaintiffs are entitled to the entire Policy death benefit, less the $3,713.00 assigned and paid to Eutawville Community Funeral Home, that the Court grant the relief sought in Protective's third-party complaint and order Tamara Robinson, Jasmine Jamison, and Crystal Robinson Tilly to pay the funds wrongfully secured to the party to whom said funds are due, either directly or through reimbursement or restitution to Protective;

4. That Protective be awarded all its costs and any recoverable attorneys' fees incurred in this action; and

5. That Protective be granted such other relief as this Court may deem just and proper.

Dated: July 19, 2023                    Respectfully submitted,

/s/ *Latanae L. Parker*
Latanae L. Parker (Fla. Bar No. 76591)
MAYNARD NEXSEN, PC
9100 S. Dadeland Boulevard, Ste. 1500
Miami, FL 33156
P: (305) 735-3753
F: (205) 254-1999
Email: lparker@maynardnexsen.com
          vorellanos@maynardnexsen.com

*Attorneys for Defendant Protective Life Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2023, a copy of the foregoing Notice of Removal was electronically filed using the CM/ECF system, which will provide service on the following counsel of record:

J.P. Gonzalez-Sirgo, Esq. (Fla. Bar No.11894)
J.P. GONZALEZ-SIRGO, P.A.
814 Ponce De Leon Boulevard
Suite 504
Coral Gables, Florida 33134
Telephone: (305) 461-1095
Facsimile:  (786) 272-5841
Email: jp@yourattorneys.com
eservice@yourattorneys.com

*Attorneys for Plaintiffs*

/s/ *Latanae L. Parker*
Latanae L Parker, Esq.